UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Angelique Kaczmarek, | ) | CASE NO. 1:13 CV 1959 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Res-Care, Inc., et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant Arthur Finch's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 5). This case arises out of plaintiff's former employment with defendant Res-Care, Inc. For the following reasons, defendant Arthur Finch's motion is GRANTED.

### Facts

This matter was originally filed in the Cuyahoga County Court of Common Pleas and removed to this Court on the basis of diversity of citizenship. Plaintiff, Angelique Kaczmarek,

1

filed her Complaint against defendants Res-Care, Inc. ("Res-Care") and Arthur Finch ("Finch").[1] The Complaint sets forth five claims based on state law arising out of the termination of plaintiff's employment.

Plaintiff, an Ohio resident, was employed by Res-Care as an executive director in its Chesterland, Ohio office. Res-Care provides residential and support services for seniors and people with disabilities.

Defendant Arthur Finch, a Georgia resident, was a Human Resources Director for Res-Care and worked out of its offices in Georgia and Kentucky. As Human Resources Director, Finch provided HR support services for and supervised local HR managers and Executive Directors for 64 Res-Care facilities in 26 states. Finch supervised plaintiff's HR-related work in Ohio through email and telephone. Finch traveled to Ohio four times on business. He never met with plaintiff in Ohio, nor did any of his trips have to do with plaintiff's employment.

In March 2013, both plaintiff and Finch were at a Res-Care conference in Houston, Texas. During this conference, Finch indicated to plaintiff in a graphic fashion his sexual desires and fantasies involving her, including a description of the actions he would take with plaintiff if she were fired. A short time later, Finch approached plaintiff again and made other graphic comments of a similar nature in front of plaintiff's peers. Plaintiff reported Finch's conduct to plaintiff's direct supervisor, Tonya Mangerie, the next morning. Ms. Mangerie notified Finch of plaintiff's complaint. Shortly after plaintiff had reported his conduct to her supervisor, Finch approached plaintiff and began questioning her about the complaint in front of her colleagues.

---

[1] Plaintiff filed her Complaint against Skip Finch. The parties appear to agree that Arthur Finch is the proper defendant.

Res-Care suspended plaintiff's employment less than one month after she reported Finch's actions. Plaintiff was terminated a week later. After an investigation, Finch's employment was also terminated by Res-Care.

This matter is before the Court upon Finch's Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff opposes the motion.

**Standard of Review**

Plaintiff has the burden of showing that personal jurisdiction exists. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  Plaintiff need only make a prima facie showing of jurisdiction, and the Court considers the pleadings and affidavits in a light most favorable to her. *Id.*  If resolving the Rule 12(b)(2) motion solely on the written submissions and affidavits rather than holding an evidentiary hearing, the district court does not weigh the controverting assertions of the party seeking dismissal.  *Chrysler Group LLC v. South Holland Dodge, Inc.,* 2011 WL 1790333 (E.D. Mich. May 10, 2011) (citing  *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)).  Although the Court considers the pleadings in a light most favorable to the plaintiff, that party must still set forth specific facts demonstrating that the Court has jurisdiction. *Smith v. Ohio Legal Rights Service,* 2011 WL 1627322 (S.D. Ohio April 29, 2011) (citations omitted).

"In a diversity case, a federal court can exercise personal jurisdiction over a defendant if jurisdiction is (1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Tharo Systems, Inc. v. Cab Produkttechnik GMBH & Co. KG,* 196 Fed. Appx. 366 (6th Cir. 2006) (internal quotations and citations omitted).  Because Ohio's long-arm statute does not extend to the constitutional limits

3

of due process, the Court looks to whether the defendants are amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met. *Estate of Dorothy Thomson v. Toyota Motor Corp.,* 545 F.3d 357 (6th Cir. 2008).

**Discussion**

### 1. Ohio's Long-Arm Statute

Plaintiff fails to show that jurisdiction is proper over Finch under Ohio's long-arm statute. Ohio's long-arm statute provides:

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> (1) Transacting any business in this state;
> (2) Contracting to supply services or goods in this state;
> (3) Causing tortious injury by an act or omission in this state;
> (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
> ...
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

Ohio Rev. Code Ann. § 2307.382(A).

Plaintiff argues that the Court may exercise jurisdiction over Finch because he has transacted business in Ohio. Plaintiff argues that because Finch was plaintiff's HR supervisor in Ohio, he has transacted business in Ohio by virtue of his employment duties. Because his position as HR director also necessitated his presence at the conference where he harassed plaintiff, his employment duties have a nexus to the cause of action and he is subject to personal jurisdiction under (A)(1).

Section (A)(1) is "very broadly worded and permit[s] jurisdiction over nonresident

defendants who are transacting any business in Ohio." *Genesis Insurance Co. v. Alfi*, 425 F. Supp. 2d 876, 894 (S.D. Ohio 2006) (citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 559 N.E.2d 477 (1990), *cert. denied*, 499 U.S. 975 (1991)). However, for jurisdiction to be proper, the cause of action must "arise" out of the business the defendant is transacting in Ohio. *See* Ohio Rev. Code § 2307.382©. Plaintiff's citations in support of jurisdiction here are inapposite. In *Kentucky Oakes Mall Co.*, personal jurisdiction was found over a non-resident defendant who had entered into a lease for an out-of-state property with an Ohio limited partnership for a claim arising out of that lease. *Kentucky Oakes Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St. 3d 73, 559 N.E.2d 477 (1990)). While in *Pratt & Buchert*, a breach of contract case, the court found that a Kentucky lawyer was transacting business in Ohio when he was engaged by an Ohio law firm to help represent their clients, Ohio residents, in a case in Kentucky. *Pratt & Buchert v. Smith*, 94 Ohio App.3d 266, 640 N.E.2d 614 (Ohio App. 12 Dist. 1994). These cases do not persuade the Court that a cause of action based on Finch's alleged harassment of plaintiff arose from his oversight of HR operations in Ohio. While Finch may have transacted business in Ohio, these transactions were unrelated to plaintiff's termination claims. There is no evidence or allegation that Finch's communications with plaintiff in the course of his position in HR while plaintiff was in Ohio were harassing or untoward.

Plaintiff also argues that personal jurisdiction over Finch exists under (A)(2) because he provides HR services to Res-Care facilities in Ohio. This fails for the same reason stated above. *Accord Busch v. Serv. Plastics, Inc.*, 261 F. Supp. 136, 140 (N.D. Ohio 1966) (rejecting jurisdictional assertions under (A)(1) and (A)(2) together). A cause of action against Finch arising from sexual harassment in Texas does not arise from his supplying services in this state.

5

Plaintiff contends that jurisdiction is proper under (A)(3) because she alleges Finch retaliated against her by instituting an investigation, suspension, and wrongful termination. Plaintiff's affidavit avers that by virtue of his position in HR, Finch oversaw all termination decisions in Ohio. However, nowhere does she state that Finch oversaw her specific termination. From plaintiff's affidavit, it is unclear that she is asserting any personal knowledge that Finch was involved in the decision to terminate her employment. Several times in her affidavit, plaintiff says "upon information and belief" her termination was the result of her report of sexual harassment. (Doc. 10-1). Both Ms. Mangerie, plaintiff's supervisor who asserts she made the decision to fire plaintiff, and Finch aver on personal knowledge that he did not participate in the investigation or decision to terminate plaintiff. (Doc. 5-2, 5-3). To the extent that plaintiff has stated that Finch participated in the decision to terminate her employment, the Court finds this to be a conclusory fact rather than one based on personal knowledge. As such, the Court may not consider it. *AT&T Corp. v. Overdrive, Inc*., 1:05CV1904, 2006 WL 3392746 (N.D. Ohio Nov. 21, 2006) ([A]n affidavit "based, not on personal knowledge, but *only* on information and belief" is not competent evidence.); *Kemper v. Saline Lectronics*, 348 F. Supp. 2d 897 (N.D. Ohio 2004) (finding plaintiff had put forth conclusory allegations rather than specific facts and explaining these were an insufficient basis for jurisdiction). Consequently, there is no basis for finding personal jurisdiction over Finch under section (A)(3).

Plaintiff next contends that jurisdiction is proper under section (A)(4) which affords jurisdiction over a defendant who commits "tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services

rendered in this state." Plaintiff asserts that even if the sexual harassment is deemed to have occurred in Texas, a tortious injury occurred in Ohio because plaintiff suffered humiliation and emotional distress in Ohio. Plaintiff contends because Finch had supervisory duties in Ohio, he derived substantial revenue for his HR services in Ohio.

Finch argues that he does not regularly transact or solicit business in Ohio. He notes that he has only been to Ohio four times on business in eight years and that those trips were unrelated to plaintiff's employment or termination. Finch argues that his paycheck from a Kentucky corporation for his services in overseeing HR functions at Res-Care facilities in 26 states does not meet the "substantial revenue" requirement in (A)(4).

Plaintiff did not suffer a "tortious injury" in Ohio, so there is no jurisdiction under (A)(4). In *Estate of Poole v. Grosser*, the court considered a medical malpractice claim against a hospital and doctor for an operation that had taken place in Kentucky. 134 Ohio App. 3d 386, 391-93, 731 N.E.2d 226, 229-30 (1999). Although the patient was an Ohio resident and had died in Ohio, the court concluded that no "tortious injury" had occurred in Ohio. *Id* at 230. The court rejected this "portable tort" theory. *Id*. In the present case, plaintiff suffered a tortious injury outside of Ohio, not within it. Like the plaintiff in *Poole*, she cannot carry her injury with her to Ohio to create jurisdiction over Finch here. *Global Health Alternatives, Inc. v. Ellon U.S.A., Inc.*, 98-365-P-C, 1999 WL 33117099 (D. Me. Mar. 24, 1999) (finding defendant director's harassment of employee outside the forum state, although it did have consequences in the forum state, did not establish personal jurisdiction); *Repp v. Holiday Inns, Inc*., 624 F. Supp. 851, 853 (S.D. Ohio 1985) (rejecting the idea that plaintiff, who had fallen at a Tennessee Holiday Inn, had suffered tortious injury in Ohio because pain, suffering and medical expenses had occurred there).

7

Assuming a tortious injury in Ohio, plaintiff has failed to meet her burden to demonstrate that Finch derived substantial revenue from his activities in Ohio as required by (A)(4). Plaintiff has cited no authority that supports her contention that the paycheck Finch (a Georgia resident) receives from Res-Care (a Kentucky corporation) for oversight of HR operations in 26 states means he derives substantial revenue from his work in Ohio in accordance with the requirements of (A)(4). The Court finds that he does not. *Accord Bradlee Management Services, Inc. v. Cassellas*, 249 Ga. 614, 292 S.E.2d 717, 720 (1982) (finding Washington D.C. based reporter did not derive substantial revenue from Georgia news agency even though he sent footage to the Georgia station and his paycheck came from account in Georgia).

Finally, plaintiff argues that jurisdiction is proper under (A)(6). As the Court has found that plaintiff did not suffer a tortious injury in Ohio in its discussion of (A)(4), this claim fails.

**2. Due Process**

Even were jurisdiction proper under the long-arm statute, the Court finds that such an exercise of jurisdiction would not comport with due process. "Due process mandates that jurisdiction be exercised only if [defendant] has sufficient 'minimum contacts' with Ohio such that summoning [defendant] to defend in Ohio would not offend 'traditional notions of fair play and substantial justice.'" *Estate of Dorothy Thomson v. Toyota Motor Corp.,* 545 F.3d 357 (6th Cir. 2008) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To establish that the Court has general jurisdiction over a defendant, the plaintiff must make a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant. Plaintiff has not alleged that Finch is subject to general jurisdiction in Ohio. The

Court finds his contacts are not continuous and systematic to create a substantial connection with this state to justify general jurisdiction over him. *Kepros v. Alcon Labratories, Inc.*, 2011 U.S. Dist. LEXIS 60247 (N.D. Ohio June 6, 2011) (finding that defendant's oversight of human resources support in Ohio was not enough to support general jurisdiction).

Specific personal jurisdiction, on the other hand, exposes the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum. This Court uses a three-part test for determining whether it has specific jurisdiction over an out-of-state defendant: First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state.  Second, the cause of action must arise from the defendant's activities there.  Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.  *Estate of Dorothy Thomson v. Toyota Motor Corp.,* 545 F.3d 357, 362 (6th Cir. 2008) (citations omitted). Plaintiff argues that the Court has specific personal jurisdiction over defendant. The Court disagrees.

Plaintiff asserts that Finch purposefully availed himself of minimum contacts in Ohio by overseeing HR operations for Res-Care in Ohio and by sexually harassing plaintiff when he knew her to be an Ohio resident. However, Finch visited Ohio for work four times and never in connection with plaintiff's employment or termination. While plaintiff asserts he regularly communicated with her via telephone and email with his HR duties, her cause of action does not arise from those communications but from Finch's actions in Texas. As such, Finch did not purposefully avail himself of minimum contacts with Ohio. The Sixth Circuit has recognized that the purposeful availment prong is the "sine qua non for in personum jurisdiction." *Air Products*

9

*and Controls, Inc. v. Safetech International, Inc.,* 503 F.3d 544 (6th Cir. 2007). As the Court has found there to be no purposeful availment, the Court lacks in personum jurisdiction over Finch.

Although the Court need not reach the other two criteria for establishing personal jurisdiction, the Court finds the remaining prongs are not satisfied. *The Oasis Entertainment Complex, Inc. v. Lawrence,* 1999 WL 313852 (6th Cir. May 7, 1999). Plaintiff asserts that Finch instigated and conducted a retaliatory investigation into plaintiff's employment that resulted in her termination. But, as discussed earlier, there is no evidence to contradict both Finch's declaration and Ms. Mangerie's declaration that Finch did not participate in the decisions relating to the investigation and termination of plaintiff. Plaintiff's affidavit shows that Finch's alleged sexual harassment took place in Texas. Consequently, the cause of action does not arise from the defendant's activities in Ohio, as required by the second prong of the specific jurisdiction analysis. Finally, plaintiff contends that Finch's acts and consequences have a significant connection with Ohio given that plaintiff is a resident of this state and worked for Res-Care here. The Court finds that the exercise of jurisdiction would be unreasonable given that there is no evidence to support the first two criteria for specific jurisdiction. *Kepros v. Alcon Labs., Inc*., 1:10 CV 1540, 2011 WL 2200526 at *5 (N.D. Ohio June 6, 2011) (finding it unreasonable to hale defendant into court in Ohio for harassment that allegedly took place in Texas).

**Conclusion**

For the foregoing reasons, defendant Finch's Motion to Dismiss is GRANTED. The case remains pending as to defendant Res-Care.

IT IS SO ORDERED.

                               /s/ Patricia A. Gaughan
                               PATRICIA A. GAUGHAN
                               United States District Judge

Dated: 12/4/13